IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Milcah Kemmerlin,            )<br>                                )<br>                Plaintiff,   )<br>                                )<br>v.                                  )<br>                                )<br>Craig Peters, Christy Tisdale,   )<br>                                )<br>               Defendants.  )<br>_____ ) | Civil Action No. 2:23-cv-31-BHH |

This matter is before the Court upon Plaintiff Milcah Kemmerlin's ("Plaintiff") pro se complaint against the above-named Defendants. The matter was referred to a United States Magistrate Judge for preliminary review, in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d), D.S.C.

On April 12, 2023, Magistrate Judge Molly H. Cherry issued an order instructing Plaintiff to provide certain necessary paperwork to bring the case into proper form. The order also notified Plaintiff of pleading deficiencies, and thereafter, Plaintiff filed the necessary documents to bring the case into proper form and an amended complaint. (*See* ECF Nos. 8, 11, and 15.) After reviewing the record, the Magistrate Judge issued a report and recommendation ("Report") on September 19, 2023, outlining the issues and recommending that the Court dismiss this action without prejudice, without further leave to amend, and without issuance and service of process because Plaintiff fails to state a plausible federal claim and diversity jurisdiction does not exist. Additionally, because Plaintiff fails to allege a valid federal claim, and diversity jurisdiction does not exist, the Magistrate Judge recommends that the Court decline to exercise supplemental jurisdiction

over any of Plaintiff's state law claims.  Attached to the Magistrate Judge's Report was a notice advising the parties of the right to file written objections to the Report within fourteen days of being served with a copy.  To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).  In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections have been filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error.  After review, the Court finds no clear error and agrees with the Magistrate Judge's thorough and well-reasoned analysis.  Accordingly, the Court adopts and specifically incorporates the Magistrate Judge's Report (ECF No. 17), and the Court hereby dismisses this action without prejudice, without further leave to amend, and without issuance and service of process.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

October 20, 2023
Charleston, South Carolina